IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MELISSA FENDLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO:2:20-cv-01528- |
| | ) MHH |
| **JOHNNY'S BAR-B-Q, INC.,** | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Johnny's Bar-B-Q, Inc., (hereinafter either "Johnny's" or "defendant") pursuant to Rule 8 of the Federal Rules of Civil Procedure responds to the enumerated paragraphs of the Complaint and sets forth the following defenses:

### JURISDICTION AND PARTIES

1.   Defendant acknowledges that this is an action for declaratory and injunctive relief.  Further defendant admits that based upon the claimed violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et. seq.* (hereinafter "ADA") this court is vested with jurisdiction under U.S.C. §1331 and §1343.

2.   Defendant admits that venue is proper in the United States District Court of the Northern District of Alabama, Northeastern Division.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph as to plaintiff's residency, status as a qualified individual with a disability under the ADA, physical condition, and / or mobility. Therefore, these allegations are denied. With respect to the allegations that plaintiff "visited" Johnny's prior to instituting this action, defendant has no knowledge and / or insufficient information as to the veracity of this allegation and it is therefore denied. Defendant denies all other allegations this paragraph and demands strict proof thereof.

4. Defendant admits that it is a domestic corporation registered to conduct business in the State of Alabama and operates Johnny's Bar-B-Q restaurant located at 1401 4th Street SW in Cullman, Alabama. Defendant denies all remaining allegations in this paragraph.

5. Except as otherwise admitted herein, defendant is without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

## COUNT I – VIOLATION OF THE ADA

6. The averments contained in this paragraph are conclusions of law pertaining to the enactment and effective date of the ADA and as such defendant is not required to provide a response to this paragraph.

7. Defendant admits that Johnny's is a restaurant that provides goods and services to the general public. Defendant denies all remaining allegations in this paragraph.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

9. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

10. The averments contained in this paragraph are conclusions of law pertaining to the promulgation of regulations concerning implementation of the ADA and as such defendant is not required to provide a response to this paragraph.

11. Defendant denies the allegations of paragraph 11, including subparts, i. thru vii, and demands strict proof thereof.

12. Defendant denies the factual allegations of paragraph 12 pertaining to the existence of barriers and demands strict proof thereof. Further to the extent the

averments in this paragraph constitute conclusions of law no response is required. Defendant denies this paragraph as to such conclusions of law.

13. Defendant denies the allegations of paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations of paragraph 14 and demands strict proof thereof. Defendant specifically denies that it has failed to comply with the ADA as alleged in this paragraph. Defendant denies the remaining allegations in this paragraph and further denies that plaintiff is entitled to any relief under the ADA or otherwise.

15. Defendant denies the allegations of paragraph 15 and demands strict proof thereof. Specifically, defendant denies that plaintiff was obligated to retain counsel and further denies that plaintiff is entitled to attorney's fees, costs, or expenses.

16. The averments contained in this paragraph are conclusions of law pertaining to the Court's authority under 42 U.S.C. § 12188 and as such defendant is not required to provide a response to the allegations in this paragraph. Further, defendant denies that plaintiff is entitled to any relief whatsoever, including but not limited to injunctive relief.

Prayer for Relief:  The remainder of the Complaint is comprised of a demand for a judgment and requests for injunctive and declaratory relief. Defendant denies

that plaintiff is entitled to any declaratory or injunctive relief specifically including the relief sought in subparts A. thru E of the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies each and every allegation set forth in the Complaint, except where specifically admitted by Defendant, and demands strict proof thereof.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action as to Defendant.

### THIRD DEFENSE

Plaintiff has never visited the Defendant's premises.

### FOURTH DEFENSE

In the alternative, Plaintiff visited the Defendant's premises for the sole purpose of filing the subject legal action.

### FIFTH DEFENSE

Plaintiff was not denied full, safe or equal access to the Defendant's premises or access to the goods and/or services provided at the premises.

### SIXTH DEFENSE

Plaintiff lacks standing.

### SEVENTH DEFENSE

Plaintiff does not intend to visit Defendant's premises in the future.

## EIGHTH DEFENSE

Johnny's was constructed prior to the enactment of the Americans With Disabilities Act.

## NINTH DEFENSE

Johnny's was constructed, and has been repaired, maintained, and /or modified, in accordance with all laws, rules and industry standards.

## TENTH DEFENSE

Johnny's restaurant is in compliance with the Americans with Disabilities Act.

## ELEVENTH DEFENSE

Making modifications to Defendant's premises is physically impossible and/or would cause an undue burden or financial hardship to Defendant.

## TWELFTH DEFENSE

Defendant is not required by law to make the changes to the premises that Plaintiff contends should be made.

## THIRTEENTH DEFENSE

The incident alleged in Plaintiff's Complaint was caused by the fault of individuals or entities for whom this Defendant is not responsible.

## FOURTEENTH DEFENSE

Plaintiff is estopped by her own conduct from claiming the declaratory and injunctive relief sought against Defendant.

## FIFTEENTH DEFENSE

Plaintiff failed to mitigate her alleged damages.

## SIXTEENTH DEFENSE

Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable claims, and Defendant is thereby entitled to recover reasonable attorneys' fees and costs for the defense of this matter.

## SEVENTEENTH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by reason of Defendant's good faith reliance upon the permissible, reasonable interpretations of federal law by local building authorities and issuance of building permits and Certificates of Occupancy for the premises.

## EIGHTEENTH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by reason of Defendant's good faith reliance upon the advice of architects and other learned intermediaries with respect to the premises.

## NINETEENTH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action

alleged therein, is barred insofar as Defendant has not made the alterations to the premises that Plaintiff contends should have been made, those changes were not and are not required under federal law, and any requirements to make those changes would impose an undue burden upon Defendant.

## TWENTIETH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the premises that Plaintiff contends should have been made, those changes were not and are not required under federal law because such changes are not readily achievable.

## TWENTY-FIRST DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the premises that Plaintiff contends should have been made, those changes were not and are not required under federal law because the cost and scope of such alterations are disproportionate to the cost of the overall alteration made to the premises.

## TWENTY-SECOND DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the premises that Plaintiff contends should have been made, those changes were not and

are not required under federal law because such changes would fundamentally alter the nature of the goods and/or services provided by Defendant at the premises.

### TWENTY-THIRD DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitations.

### TWENTY-FOURTH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in that Defendant provided Plaintiff alternative methods for access to the premises.

### TWENTY-FIFTH DEFENSE

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff comes to the Court with unclean hands.

### TWENTY-SIXTH DEFENSE

Because the Complaint is expressed in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For cost of suits incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

       SIMPSON, McMAHAN,
        GLICK & BURFORD, PLLC

       /s/ *Howard K. Glick*
      Howard K. Glick   ASB-1176-K64H
      Lindsay Hembree Barnes ASB-9014-I40H
      Attorneys for Johnny's Bar-B-Q, Inc.

OF COUNSEL:
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
100 Concourse Parkway
Suite 310 West Tower
Hoover, AL  35244
Phone: 205.876.1600
Facsimile 205.876.1616
Email: hkglick@smgblawyers.com
    lbarnes@smgblawyers.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will provide notification to the following:

Edward I. Zwilling, Esq.
Law Offices of Edward I. Swilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, AL  35242

               */s/ Howard K. Glick*
               Of Counsel